**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 5, 2007**

**TENTH CIRCUIT**

STATE OF OKLAHOMA, A State
of the Union,

       Plaintiff-Appellee,

  v.

BRUCE CLYDE SMITH, an
individual,

       Defendant-Appellant.

No. 06-6238

(W.D. Oklahoma)

(D.C. No. CR-06-143-l)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH,** and **HOLMES**, Circuit Judges.[**]

Bruce Clyde Smith appeals the district court's order rejecting his request

for removal of a state criminal prosecution and remanding the case to the District

Court of Texas County, Oklahoma. For substantially the same reasons set forth in

its June 13, 2006 order, we affirm the district court's decision.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1and 10th
Cir. R. 32.1.

[**]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

As the district court noted, Mr. Smith sought removal of the state court case pursuant to 28 U.S.C. § 1443(2). However, that statute "confers a privilege of removal only upon federal officers or agents and those authorized to act with and for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966). Mr. Smith does not allege that he is a federal officer executing his duties pursuant to a federal civil rights law, and the statute is thus inapplicable.

On appeal, Mr. Smith cites no other statutory basis for removal. Creatively, but frivolously, he does argue that the case should now be removed from this court to a court of his own making, the "one supreme Court," apparently established by Mr. Smith and his associates on September 4, 2006 (after the district court remanded his case to the state court). There is no legal basis for that request.

We also note that Mr. Smith's attempt to remove the state court criminal prosecution is inconsistent with "the longstanding public policy against federal court interference with state court proceedings." Younger v. Harris, 401 U.S. 37, 43 (1971).

Accordingly, we AFFIRM the district court's decision. Appellant's motion

to proceed in forma pauperis is denied.

Entered for the Court,


Robert H. Henry
Circuit Judge